Jones *v.* Babbitt.

---

## JANE E. JONES *vs.* BENJAMIN T. BABBITT.

On a motion to vacate a judgment for the specific performance of a contract of purchase by the defendant, it appeared, by the affidavits, that the plaintiff concealed from the defendant that she had parted with the title of a portion of her property before the contract was made, and of other portions afterwards; and her conduct indicated bad faith, and she had voluntarily disabled herself from performing the contract; and the plaintiff's affidavits, alone, went very far to prove an actual rescission of the contract on her part. *Held* that these facts clearly entitled the defendant to relief; and that, had they been proved on the trial, the court would not have been justified in decreeing a specific performance.

APPEAL from an order made at a Special Term, denying a motion made by the defendant to vacate the judgment, and for a new trial, in an action for the specific performance of a contract.

*John M. Scribner, Jr.,* for the plaintiff.

*D. P. Barnard,* for the defendant.

*By the Court,* GILBERT, J. The motion to vacate the judgment and for a new trial, made on behalf of the defendant, should have been granted. The facts shown by the affidavits clearly entitle him to that relief. If these facts had been proved on the trial, the court would not have been justified in decreeing a specific performance. The plaintiff concealed from the defendant

that she had parted with the title of a portion of her property before the contract was made, and with other portions afterwards. Her conduct indicates bad faith, and she had voluntarily disabled herself from performing the contract. Moreover the affidavits on the part of the plaintiff, alone, go very far to prove an actual rescission of the contract on her part.

The order denying the motion must be reversed, and an order must be entered vacating the judgment and granting leave to the defendant to put in a supplemental answer, and directing a new trial without costs. And the appeal from the judgment is dismissed without costs to either party.

[SECOND DEPARTMENT, GENERAL TERM, at Brooklyn, April 3, 1873. *Barnard, Gilbert and Tappen,* Justices.]